IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIE Y. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12cv554-WKW |
| ) | |
| MONTGOMERY SURGICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 27, 2012, Plaintiff filed a complaint against the Montgomery Surgical Center for alleged violations of the Americans with Disabilities Act ("ADA"). Compl. (Doc. 1). On July 2, 2012, the district judge entered an Order referring this matter to the undersigned magistrate judge "for all pretrial proceedings and entry of any order or recommendations as may be appropriate." Doc. 3. The undersigned then ordered service of process of the Complaint stayed, pending the required review under 28 U.S.C. § 1915 (2000). Order of July 6, 2012 (Doc. 4). On August 16, 2012, the court ordered Plaintiff to file an amended complaint to correct a deficiency in her complaint. Specifically, the court noted that "Plaintiff's complaint alleges discrimination in violation of the Americans with Disabilities Act . . .," but failed to " . . . specify from what disability she suffers." Order of Aug. 16, 2012 (Doc. 5). As the court explained, "Plaintiff's failure to state a disability means that her complaint does not allege sufficient facts to present a plausible case that she is disabled or had a perceived disability." *Id*. The court then ordered that Plaintiff file an amended

complaint on or before August 30, 2012, "which at least includes sufficient facts to present a claim and to put Defendant on notice." *Id*. Plaintiff failed to comply with the August 16 Order. As a result, the court ordered Plaintiff to "file an amended complaint in compliance with the Order of August 16, 2012 and show cause as to why this case should not be dismissed for failure to comply with the orders of this court and for want of prosecution." Order of Sept. 9, 2012 (Doc. 6). Plaintiff was warned "***that failure to timely file a response to this order will result in the undersigned recommending that her case be dismissed.***" *Id*. Despite the warning, Plaintiff has failed to file an amended complaint and has continued to disregard the orders of this court.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a plaintiff is seeking to proceed *in forma pauperis*, a court is required to dismiss a case if it determines that the action fails to state a claim on which relief may be granted. As stated above, the Complaint fails to allege the type of disability (or perceived disability) from which Plaintiff suffers and fails to allege how the disability impaired a major life activity. Thus, her complaint failed to state a claim on which relief could be granted. *See e.g. Chapman v. U.S. Postal Service*, 442 F. App'x 480, 485 (11th Cir. 2011) (finding failure to state a claim where plaintiff failed to "specify whether she had a physical or a mental disability, what the disability was, or how it impaired a major life activity."). As such, rather than outright dismiss Plaintiff's action, the court required Plaintiff to amend. Plaintiff's failures to amend and disregard for the court's orders, leads this court to conclude that she has abandoned her claims and that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and to comply with the orders of this court.

It is further

ORDERED that on or before **October 11, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of September, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE